**ABDIHAMID IBRAHIM ABDI**
**A# 249-139-286**
27991 Buena Vista Blvd
Los Fresnos, TX 78566

**DETAINED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

APR 30 2026

NATHAN OCHSNER
CLERK OF COURT

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **Los Fresnos, Texas**<br>**In the matter of:**<br><br>**ABDIHAMID IBRAHIM ABDI**<br>*Petitioner*<br><br>**V.**<br><br>**LYON BLANCHE**,<br>*Attorney General;*<br><br>**MARKWAYNE MULLIN**<br>*Secretary of Department of Homeland Security;*<br><br>**CARLOS D. CISNEROS**<br>*Field Director/Warden Port Isabel Detention Center*<br>*Respondents.* | Civil Action No. B-26-487 |

# PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
APR 30 2026
NATHAN OCHSNER
CLERK OF COURT

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

ABDIHAMID IBRAHIM ABDI
A# 249-139-286

*Petitioner*

v.

LYON BLANCHE, ATTORNEY GENERAL;
MARKWAYNE MULLIN,SECRETARY OF DHS;
TODD M.LYONS,ACTING DIRECTOR
CARLOS D,CISNEROS,WARDEN PIDC

*Respondent*
*(name of warden or authorized person having custody of petitioner)*

Case No. ______________
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: ABDIHAMID IBRAHIM ABDI
   (b) Other names you have used:
2. Place of confinement:
   (a) Name of institution: PORT ISABEL DETENTION CENTER
   (b) Address: 27991 BUENA VISTA BLVD, LOS FRESNOS, TEXAS 78566
   (c) Your identification number: 249-139-286
3. Are you currently being held on orders by:
   ☑ Federal authorities ☐ State authorities ☐ Other - explain:
   BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT ( ICE )
4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you:
   (b) Docket number of criminal case:
   (c) Date of sentencing:
   ☑ Being held on an immigration charge
   ☐ Other *(explain)*:

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention
☑ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other *(explain)*: ______

6. Provide more information about the decision or action you are challenging:
(a) Name and location of the agency or court: Immigration Court, Port Isabel Detention Center
27991 Buena Vista Blvd, Los Fresnos, TX 78566
(b) Docket number, case number, or opinion number: ______
(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
UNLAWFUL DETENTION , AND VIOLATION OF DUE PROCESS
ESSENTIALLY CHALLENGING CONTINUED DETENTION BY THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT ( ICE )
(d) Date of the decision or action: 06/13/2025

## Your Earlier Challenges of the Decision or Action

7. **First appeal**
Did you appeal the decision, file a grievance, or seek an administrative remedy?
☐ Yes ☑ No
(a) If "Yes," provide:
(1) Name of the authority, agency, or court: ______
(2) Date of filing: ______
(3) Docket number, case number, or opinion number: ______
(4) Result: ______
(5) Date of result: ______
(6) Issues raised: ______

(b) If you answered "No," explain why you did not appeal: ______

8. **Second appeal**
After the first appeal, did you file a second appeal to a higher authority, agency, or court?
☐ Yes ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: ______

(2) Date of filing: ______

(3) Docket number, case number, or opinion number: ______

(4) Result: ______

(5) Date of result: ______

(6) Issues raised: ______

(b) If you answered "No," explain why you did not file a second appeal: ______

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

❐ Yes ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: ______

(2) Date of filing: ______

(3) Docket number, case number, or opinion number: ______

(4) Result: ______

(5) Date of result: ______

(6) Issues raised: ______

(b) If you answered "No," explain why you did not file a third appeal: ______

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

❐ Yes ☑ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

❐ Yes ☑ No

If "Yes," provide:

(1) Name of court: ______

(2) Case number: ______

(3) Date of filing: ______

(4) Result: ______

(5) Date of result: ______

(6) Issues raised: ______

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes ☑ No

If "Yes," provide:

(1) Name of court: ______

(2) Case number: ______

(3) Date of filing: ______

(4) Result: ______

(5) Date of result: ______

(6) Issues raised: ______

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: ______

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☑ Yes ☐ No

If "Yes," provide:

(a) Date you were taken into immigration custody: 10/31/2024

(b) Date of the removal or reinstatement order: 06/13/2025

(c) Did you file an appeal with the Board of Immigration Appeals?

☑ Yes ☐ No

If "Yes," provide:

(1) Date of filing: 06/30/2025

(2) Case number: 249-139-286

(3) Result: DENIED

(4) Date of result: 01/23/2026

(5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?

☑ Yes ☐ No

If "Yes," provide:

(1) Name of court: UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

(2) Date of filing: 03/31/2026 03/31/2026

(3) Case number: 26-2086

(4) Result: PENDING

(5) Date of result:

(6) Issues raised:

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes ☑ No

If "Yes," provide:

(a) Kind of petition, motion, or application:

(b) Name of the authority, agency, or court:

(c) Date of filing:

(d) Docket number, case number, or opinion number:

(e) Result:

(f) Date of result:

(g) Issues raised:

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** VIOLATION OF PETITIONER'S CONSTITUTIONAL RIGHTS.
DENIAL OF MY 8TH AMENDMENT RIGHT TO BE FREE FROM CRUEL,UNUSAL AND INHUMANE DETENTION.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes ☑ No

**GROUND TWO:** VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION. VIOLATION OF STATUTORY DETENTION LIMITS.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes ☑ No

**GROUND THREE:** ENTITLED TO IMMEDIATE RELEASE FROM ICE CUSTODY PURSUANT TO THE SUPREME COURT'S HOLDING IN ZADVYDAS V. DAVIS,533 U.S 678(2001) HOLDING THAT REMOVABLE ALIENS MAY ONLY DETAINED FOR "REASONABLE PERIOD" WHICH IS PRESUMED TO BE 90-180DAYS UNLESS IT CAN BE SHOWN THAT THERE IS A SIGNIFICAT LIKELIHOOD OF REMOVAL IN REASONABLE

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
FORESEEABLE FUTURE.

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes ☑ No

**GROUND FOUR:** PETITIONER HEALTH CLEARLY DAMAGED BY EXTENDED UNLAWFUL DETENTION

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes ☑ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

**Request for Relief**

15. State exactly what you want the court to do: ASSUME JURISDICTION OVER THIS MATTER, RELEASE FROM DETENTION PURSUANT TO AN ORDER OF SUPERVISION OR PAROLE. ORDER RESPONDENTS TO RELEASE PETITIONER OR CONDUCT A BOND HEARING UNDER 1226(a). DUE TO COMPLEXITY OF ISSUES ON HAND,AND MY INDIGENT STATUS REQUEST THAT THE HONORABLE COURT PLEASE APPOINT COUNSEL FOR ME

**Declaration Under Penalty Of Perjury**

If you are incarcerated, on what date did you place this petition in the prison mail system:
04/23/2026

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 04/24/2026

ABPI
*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

ABDIHAMID IBRAHIM ABDI
A# 249-139-286

PETITIONER,

V.

**WARDEN,**

**PORT ISABEL DETENTION CENTER**

et al,

Respondents.

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO U.S.C.2241**

Petitioner, ABDIHAMID IBRAHIM ABDI, by and through this petition, seeks a writ of Habeas Corpus to challenge his prolonged and unlawful detention by Respondents, which violates his statutory rights and the Fifth Amendment of United States Constitution.

## 1. INTRODUCTION

Petitioner challenges the legality of his continued detention by U.S. Immigration and Customs Enforcement (ICE). Petitioner has been detained for more than six months following a final order of removal, and his removal is not reasonably foreseeable. Under the precedent of Zadvydas v Davis, 533 U.S. 678 (2001), such prolonged and indefinite detention is constitutionally suspect. Petitioner, who is a citizen of SOMALIA, has been detained since 10/31/2024.

## 2. PARTIES, JURISDICTION, AND VENUE

Petitioner ABDIHAMID IBRAHIM ABDI, is a citizen of SOMALIA. He is currently detained by U.S. Immigration and Customs Enforcement at the Port Isabel Detention Center, located at 27991 Buena Vista Blvd,Los Fresnos, Texas 78566.

Respondent Carlos D. Cisneros Warden, P.I.D.C, is the immediate legal custodian of the petitioner. see Rumsfeld v. Padilla, 542 U.S.426 (2004). The warden is named in there official capacity.

Respondent is the Harlingen Field Director for ICE Enforcement and Removal Operation (ERO) and has administrative jurisdiction over petitioner's case. He is named in his official capacity.

Respondent Todd M. Lyons is the Acting Director of ICE and named in his official capacity.

Respondents Markwayne Mullin and LYON BLANCHE are, respectively, the Secretary of Homeland Security and the Attorney General of the United States, and are named in there official capacities.

This Court has jurisdiction to hear this Petition Pursuant to 28 U.S.C. 2241, as it challenges the lawfulness of Petitioner's detention under federal law. See Demore v. Kim, 538 U.S. 510(2003); Zadvydas v. Davis, 533 U.S. 678(2001)

Venue is proper in the Southern District of Texas as the Petitioner is currently confined within the district.

## 3. STATEMENTS OF FACTS

The court denied my Asylum on 06/13/2025 and appeal with the Board of

06/30/2025

3Immigration Appeals on 06/30/2025, second appeal is pending.

Petitioner, ABDIHAMID IBRAHIM ABDI, a citizen of SOMALIA, was ordered removed by an Immigration Judge on 06/13/2025.

As on 04/23/2026, Petitioner will have been detained in ICE Custody for 18 months .

This Period of detention Significantly exceeds the Presumptively reasonable Six-month period for Post-final-order removal as established by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678(2001)

In similar cases that in general, as detention continues past a year, court become extremely wary of permitting continued custody absent a bond hearing See, e.g., Santos Compos V. Larose,2026 US DISTRICT where continued detention for over 18 months without a bond hearing or parole violates his right to due process, Fifth Amendments due process clause.

Deporting me to a third country would constitute punitive third country banishment and violate the Fifth and Eighth Amendments.

**4. I AM NOT A FLIGHT RISK OR A THREAT TO THE COMMUNITY OR SOCIETY**

I have a family friend who is a US citizen in OHIO.

**5. FEAR- BASED RELIEF AND HARDSHIP**

The Court may also consider the persuasive argument made in D.V.D United States Department of Homeland Security, (25-10676), where the court temporarily

restrained DHS from removing an alien to a third country without the opportunity to raise fear-based relief. This highlights the importance of fair procedure.

This ongoing detention also raise a humanitarian concerns. I am 25 years old

detention inflict a significant emotional and psychological toll, reviving painful

memories, causing trauma and nightmare of non-stop cruel, unusual punishment in contravention of the 8th Amendment. The Immigration and Nationality Act that prohibits detention of over 90 or 180 days.

**6. GROUND FOR RELIEF**

Ground one: Prolonged detention in violation of due process and statutory rights.

Petitioner's continued detention beyond the Six-month period following a final removal order, despite the unlikelihood of his removal in the reasonably foreseeable future, violates the due process clause of the Fifth Amendment and 8 U.S.C. 1231(a)(6), as interpreted by the Supreme Court in Zadvydas v. Davis.

Petitioner's detention is no longer reasonably related to the purpose of effectuating his removal and has became indefinite and punitive.

**7. REQUEST FOR RELIEF**

WHEREFORE, Petitioner ABDIHAMID IBRAHIM ABDI, respectfully request that this Honorable Court:
issue a Writ of Habeas Corpus ordering the Respondents to produce the body of the petitioner and show cause for his continued detention.

Order Respondents to release petitioner or to conduct a bond hearing under 1226(a).

Order the immediate release of the petitioner from immigration custody, subject to reasonable conditions of supervision or Parole and TRO.

Grant any and all further relief as the Court deems just and proper.

Respectfully submitted,

**VERIFICATION**

I, ABDIHAMID IBRAHIM ABDI, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I understand that a false statement of a material fact herein may serve as the basis for prosecution for perjury.

Executed on :04/23/2026

ABDIHAMID IBRAHIM ABDI,

A# 249-139-286
Port Isabel Detention Center
27991 Buena Vista Blvd
Los Fresnos, TX 78566

Abdalhamid Ibrahim Abd,
A # 249-139-286
Delta Unit Pod 2
Port Isabel SPC
27991 Buena Vista Blvd,
Los Fresnos TX, 78566

$2.17 0
FIRST-CLASS
063S0001437056
FROM 78566

MAIL
United States District Court
Southern District of Texas
AP 30 2026
RECEIVED
Nathan Ochsner, Clerk of Court

Security Notice
Visually Inspected & X-Rayed
Port Isabel Detention Center

To
CLERK
United States District Court
Southern District of Texas
Reynaldo G. Garza Filemon B. Vela
United States Courthouse
600 E. Harrison Street # 101